**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

CIVIL ACTION NO.

BOSTON TOMATO & PACKAGING, LLC,
FORLIZZI & BIMBER, INC.,
GRANT STANTON PRODUCE CO., INC., and
PETER CONDAKES COMPANY, INC.,

CA 04 395T

Plaintiffs

V.

**COMPLAINT**

CAPITOL FOOD DISTRIBUTORS, LLC.,
A 1 FOOD DISTRIBUTORS, INC.,
DANIEL CHOW A/K/A YU CHENG ZOU
AND ZU YU CHENG,
BENEDETTO A. CERILLI a/k/a
BENEDETTO A. CERILLI JR.,
BRADFORD CERILLI,
JOAN CERILLI,
LEO S. HOURIHAN,
SHEILA N. HOURIHAN AND
JCI GENERAL PARTNERSHIP

Defendants

Jurisdiction and Venue

1. Jurisdiction is based upon Section 5(4)(c) of the Perishable Agricultural Commodities Act, 7 U.S.C. 499e(c)(4), (hereinafter the "PACA"), 7 U.S.C. 499e and 28 U.S.C. §§ 1331 and 1332.

2. Venue in this District is based upon 28 U.S.C. §§1391 in that the Plaintiff' claims arose in this District, the Defendants have their principal places of business or residences in this District, and a substantial part of the events or omissions giving rise to the Plaintiffs' claims arose in this District.



(1)

Parties

3. Plaintiff Boston Tomato & Packaging, LLC is a Massachusetts limited liability company with a usual place of business in Chelsea, Suffolk County, Massachusetts engaged in the business of buying and selling Produce in interstate commerce and the holder of a license issued pursuant to the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499a, et seq. ("Boston Tomato").

4. Plaintiff Forlizzi & Bimber, Inc. is a Massachusetts corporation with a usual place of business in Chelsea, Suffolk County, Massachusetts engaged in the business of buying and selling Produce in interstate commerce and the holder of a license issued pursuant to the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499a, et seq. ("Forlizzi").

5. Plaintiff Grant Stanton Produce Company, Inc. is a Massachusetts corporation with a usual place of business in Chelsea, Suffolk County, Massachusetts engaged in the business of buying and selling Produce in interstate commerce and the holder of a license issued pursuant to the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499a, et seq. ("Grant").

6. Plaintiff Peter Condakes Company, Inc. is a Massachusetts corporation with a usual place of business in Chelsea, Suffolk County, Massachusetts engaged in the business of buying and selling Produce in interstate commerce and the holder of a license issued pursuant to the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499a, et seq. ("Condakes").

7. Defendant Capitol Food Distributors, LLC. is a Rhode Island limited liability company which had a usual place of business in Providence, Rhode Island and was engaged in the

business of buying and selling Produce in interstate commerce subject to the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499a, et seq. ("Capitol") and was required to be licensed thereunder.

8. Defendant A 1 Food Distributors, Inc. is a Rhode Island corporation which had a usual place of business in Providence, Rhode Island and was engaged as the manager of Capitol in the business of buying and selling Produce in interstate commerce. ("A 1").

9. Defendant Daniel Chow, also known as Yu Cheng Zou and Zu Yu Cheng, is a resident of Coventry, Rhode Island and is or was a member, shareholder, manager, or officer of Capitol and A 1 ("Chow").

10. Defendant Benedetto A. Cerilli, also know as Benedetto A. Cerilli Jr., is a resident of Jamestown, Rhode Island and is or was a member, shareholder, manager or officer of Capitol and A 1 ("Benedetto").

11. Defendant Bradford A. Cerilli is a resident of Allston, Massachusetts and is or was a member, shareholder, manager, or officer of Capitol and A 1 ("Bradford").

12. Defendant Joan Cerilli is a resident of Jamestown, Rhode Island and is or was a member, shareholder, manager, or officer of Capitol and A 1 ("Joan").

13. Defendant Leo S. Hourihan is a resident of Greenfield, Massachusetts and is or was a member, shareholder, manager, or officer of Capitol and A 1 ("Leo").

14. Defendant Sheila N. Hourihan is a resident of Greenfield, Massachusetts and is or was a member, shareholder, manager, or officer of Capitol and A 1 ("Sheila").

15. JCI General Partnership is a Rhode Island General Partnership with an usual place of business in Rhode Island ("JCI").

## Factual Background

16. Capitol and A 1 commenced operations on or about February 2003.

17. Prior to approximately September 2003, Chow, Benedetto, Bradford, and Joan were principals of Capitol and A 1.

18. On or about September 2003, Leo and Sheila became principals of Capitol and A 1.

19. Prior to, during, and after September 2003, Capitol purchased Produce from the Plaintiffs.

20. Capitol has defaulted in its obligation to make full payment promptly to each of the Plaintiffs.

21. The assets of Capitol were and are subject to the floating, non-segregated statutory trust arising pursuant to 7 U.S.C. §499e(c) (the "PACA Trust").

22. A 1, Chow, Benedetto, Bradford, Leo, Sheila and JCI, and each of them, is a responsibly connected person liable for the failure of Capitol for failure to make full payment promptly and to maintain the PACA Trust for the benefit of Plaintiffs.

## COUNT I - *Goods Sold and Delivered - Boston Tomato*

23. The allegations in paragraphs 1 through 22 are incorporated as if fully set forth herein.

24. Capitol owes Boston Tomato the sum of $6,008.50 for produce sold and delivered on divers dates in or about September through November 2003 as more fully set forth on the account appended hereto as Exhibit "A".

25. Payment for each invoice was due within 21 days of the date of each invoice and interest at the rate of 18 percent per year accrues thereafter

WHEREFORE, Boston Tomato demands judgment against Capitol for the sum of

$6,008.50 plus interest at the rate of 18 percent per year from 21 days after the date of each invoice, reasonable attorneys fees, and costs.

COUNT II - *Contract - Boston Tomato*

26. The allegations in paragraphs 1 through 25 are incorporated as if fully set forth herein.

27. On divers dates in September through November 2003, Capitol entered into agreements with Boston Tomato pursuant to which Capitol agreed to purchase and Boston Tomato agreed to sell certain items of fruit and produce at wholesale.

28. Boston Tomato performed its obligations and delivered the agreed upon fruit and produce.

29. Payment for all items purchased from Boston Tomato by Capitol was due within seven days of the date of each invoice.

30. Despite demand, Capitol has refused, failed, and neglected to make payment of the agreed upon price.

31. Capitol owes Boston Tomato the sum of $6,008.50 plus interest at the rate of 18 percent per year from 21 days after the date of each invoice, reasonable attorneys fees, and costs pursuant to said agreements.

WHEREFORE, Boston Tomato demands judgment against Capitol for the sum of $6,008.50 plus interest at the rate of 18 percent per annum from 21 days after the date of each invoice, reasonable attorneys fees, and costs.

COUNT III - *Implied Contract - Boston Tomato*

32. The allegations in paragraphs 1 through 31 are incorporated as if fully set forth herein.

33. Boston Tomato agreed to deliver certain goods to the Capitol with the expectation of being timely paid by Capitol.

34. Capitol had reason to know Boston Tomato expected to receive full payment for the goods ordered from and delivered by Boston Tomato.

35. By failing and refusing to pay the balance due and owing to Boston Tomato, Capitol has breached the contract implied-in-fact between the parties.

36. By reason of the breach of such implied contract, Boston Tomato has suffered a monetary loss in the principal amount of $6,008.50 plus interest at the rate of 18 percent per year from 21 days after the date of each invoice, attorneys fees, and costs.

WHEREFORE, Boston Tomato demands judgment against Capitol for the sum of $6,008.50 plus interest at the rate of 18 percent per annum from 21 days after the date of each invoice, reasonable attorneys fees, and costs.

COUNT IV - *Goods Sold and Delivered - Forlizzi*

37. The allegations in paragraphs 1 through 22 are incorporated as if fully set forth herein.

38. Capitol owes *Forlizzi* the sum of $2,683.50 for produce sold and delivered on divers dates in or about October and November 2003 as more fully set forth on the account appended hereto as Exhibit "B".

39. Payment for each invoice was due within 20 days of the date of each invoice and interest at the rate of 12 percent per year accrues thereafter

WHEREFORE, Forlizzi demands judgment against Capitol for the sum of $2,683.50 plus interest at the rate of 12 percent per year from 20 days after the date of each invoice, reasonable attorneys fees, and costs.

COUNT V - *Contract - Forlizzi*

40. The allegations in paragraphs 1 through 22 and 37 through 39 are incorporated as if fully set forth herein.

41. On divers dates in October and November 2003, Capitol entered into agreements with Forlizzi pursuant to which Capitol agreed to purchase and Forlizzi agreed to sell certain items of fruit and produce at wholesale.

42. Forlizzi performed its obligations and delivered the agreed upon fruit and produce.

43. Payment for all items purchased from Forlizzi by Capitol was due within 20 days of the date of each invoice.

44. Despite demand, Capitol has refused, failed, and neglected to make payment of the agreed upon price.

45. Capitol owes Forlizzi the sum of $2,683.50 plus interest at the rate of 12 percent per year from 20 days after the date of each invoice, reasonable attorneys fees, and costs pursuant to said agreements.

WHEREFORE, Forlizzi demands judgment against Capitol for the sum of $2,683.50 plus interest at the rate of 12 percent per annum from 20 days after the date of each invoice, reasonable attorneys fees, and costs.

COUNT VI - *Implied Contract - Forlizzi*

46. The allegations in paragraphs 1 through 22 and 37 through 45 are incorporated as if fully set forth herein.

47. Forlizzi agreed to deliver certain goods to the Capitol with the expectation of being

timely paid by Capitol.

48. Capitol had reason to know Forlizzi expected to receive full payment for the goods ordered from and delivered by Forlizzi.

49. By failing and refusing to pay the balance due and owing to Forlizzi, Capitol has breached the contract implied-in-fact between the parties.

50. By reason of the breach of such implied contract, Forlizzi has suffered a monetary loss in the principal amount of $2,683.50.00 plus interest at the rate of 12 percent per year from 20 days after the date of each invoice, attorneys fees, and costs.

WHEREFORE, Forlizzi demands judgment against Capitol for the sum of $2,683.50 plus interest at the rate of 12 percent per annum from 20 days after the date of each invoice, reasonable attorneys fees, and costs.

COUNT VII - *Goods Sold and Delivered - Grant*

51. The allegations in paragraphs 1 through 22 are incorporated as if fully set forth herein.

52. Capitol owes Grant the sum of $1,698.50 for produce sold and delivered on divers dates in or about September through November 2003 as more fully set forth on the account appended hereto as Exhibit "C".

53. Payment for each invoice was due within ten days of the date of each invoice and interest at the rate of 18 percent per year accrues thereafter

WHEREFORE, Grant demands judgment against Capitol for the sum of $1,698.50 plus interest at the rate of 18 percent per year from ten days after the date of each invoice, reasonable attorneys fees, and costs.

COUNT VIII - *Contract - Grant*

54. The allegations in paragraphs 1 through 22 and 51 through 53 are incorporated as if fully set forth herein.

55. On divers dates in September through November 2003, Capitol entered into agreements with Grant pursuant to which Capitol agreed to purchase and Grant agreed to sell certain items of fruit and produce at wholesale.

56. Grant performed its obligations and delivered the agreed upon fruit and produce.

57. Payment for all items purchased from Grant by Capitol was due within ten days of the date of each invoice.

58. Despite demand, Capitol has refused, failed, and neglected to make payment of the agreed upon price.

59. Capitol owes Grant the sum of $1,698.50 plus interest at the rate of 18 percent per year from ten days after the date of each invoice, reasonable attorneys fees, and costs pursuant to said agreements.

WHEREFORE, Grant demands judgment against Capitol for the sum of $1,698.50 plus interest at the rate of 18 percent per annum from ten days after the date of each invoice, reasonable attorneys fees, and costs.

COUNT IX - *Implied Contract - Grant*

60. The allegations in paragraphs 1 through 22 and 51 through 59 are incorporated as if fully set forth herein.

61. Grant agreed to deliver certain goods to the Capitol with the expectation of being timely paid by Capitol.

62. Capitol had reason to know Grant expected to receive full payment for the goods ordered from and delivered by Grant.

63. By failing and refusing to pay the balance due and owing to Grant, Capitol has breached the contract implied-in-fact between the parties.

64. By reason of the breach of such implied contract, Grant has suffered a monetary loss in the principal amount of $1,698.50 plus interest at the rate of 18 percent per year from ten days after the date of each invoice, attorneys fees, and costs.

WHEREFORE, Grant demands judgment against Capitol for the sum of $1,698.50 plus interest at the rate of 18 percent per annum from ten days after the date of each invoice, reasonable attorneys fees, and costs.

COUNT X - *Goods Sold and Delivered - Condakes*

65. The allegations in paragraphs 1 through 22 are incorporated as if fully set forth herein.

66. Capitol owes Condakes the sum of $2,275.00 for produce sold and delivered on divers dates in or about October through November 2003 as more fully set forth on the account appended hereto as Exhibit "D".

67. Payment for each invoice was due within seven days of the date of each invoice and interest at the rate of 18 percent per year accrues thereafter

WHEREFORE, Condakes demands judgment against Capitol for the sum of $2,275.00 plus interest at the rate of 18 percent per year from seven days after the date of each invoice, reasonable attorneys fees, and costs.

COUNT XI - *Contract - Condakes*

68. The allegations in paragraphs 1 through 22 and 65 through 67 are incorporated as if fully set forth herein.

69. On divers dates in October through November 2003, Capitol entered into agreements with Condakes pursuant to which Capitol agreed to purchase and Condakes agreed to sell certain items of fruit and produce at wholesale.

70. Condakes performed its obligations and delivered the agreed upon fruit and produce.

71. Payment for all items purchased from Condakes by Capitol was due within seven days of the date of each invoice.

72. Despite demand, Capitol has refused, failed, and neglected to make payment of the agreed upon price.

73. Capitol owes Condakes the sum of $2,275.00 plus interest at the rate of 18 percent per year from seven days after the date of each invoice, reasonable attorneys fees, and costs pursuant to said agreements.

WHEREFORE, Condakes demands judgment against Capitol for the sum of $2,275.00 plus interest at the rate of 18 percent per annum from seven days after the date of each invoice, reasonable attorneys fees, and costs.

COUNT XII - *Implied Contract - Condakes*

74. The allegations in paragraphs 1 through 22 and 65 through 73 are incorporated as if fully set forth herein.

75. Condakes agreed to deliver certain goods to the Capitol with the expectation of being timely paid by Capitol.

76. Capitol had reason to know Condakes expected to receive full payment for the goods ordered from and delivered by Condakes.

77. By failing and refusing to pay the balance due and owing to Condakes, Capitol has breached the contract implied-in-fact between the parties.

78. By reason of the breach of such implied contract, Condakes has suffered a monetary loss in the principal amount of $2,275.00 plus interest at the rate of 18 percent per year from seven days after the date of each invoice, attorneys fees, and costs.

WHEREFORE, Condakes demands judgment against Capitol for the sum of $2,275.00 plus interest at the rate of 18 percent per annum from seven days after the date of each invoice, reasonable attorneys fees, and costs.

COUNT XIII
*PACA Trust Enforcement and*
*Dissipation of PACA Trust Assets by Responsible Persons*

79. The allegations in paragraphs 1 through 78 are incorporated as if fully set forth herein.

80. Plaintiffs sold and delivered Produce to Capitol in interstate commerce.

81. Said Produce was accepted by Capitol.

82. Said Produce was sold by Capitol.

83. At the time of the delivery of the Produce to Capitol, Plaintiffs each became a beneficiary of the PACA Trust consisting of all Produce and Produce-related assets, funds derived from the sale of Produce, including all funds commingled with funds from other sources, and all assets procured with such funds in the possession or control of Capitol since the creation of the PACA Trust.

84. Plaintiffs each duly preserved their status as a beneficiary of the PACA Trust and

remains a beneficiary until payment in full is made for the Produce.

85. Capitol was and is required to ensure that it has sufficient PACA Trust assets on hand to pay Plaintiffs at the time payment is due.

86. Until Plaintiffs are paid in full, the PACA Trust Assets of Capitol comprise:

1) All Produce;

2) All inventories of food and other products derived from Produce;

3) All receivables and proceeds from the sale of Produce, food and other products derived from Produce; and

4) Any and all assets into which PACA Trust Assets have been transformed, commingled or dissipated.

87. Payment for the Produce is overdue and has not been made by Capitol despite demand by Plaintiffs.

88. The dissipation of the PACA Trust assets by Capitol and failure to make payment of all amount due to Plaintiffs from the Produce Trust is a violation of PACA and the regulations promulgated thereunder and is unlawful.

89. Defendant A 1 is a responsibly connected person with respect to Capitol under PACA.

90. Defendant Chow is a responsibly connected person with respect to Capitol under PACA.

91. Defendant Benedetto is a responsibly connected person with respect to Capitol under PACA.

92. Defendant Bradford is a responsibly connected person with respect to Capitol under PACA.

93. Defendant Joan is a responsibly connected person with respect to Capitol under PACA.

94. Defendant Leo is a responsibly connected person with respect to Capitol under PACA.

95. Defendant Sheila is a responsibly connected person with respect to Capitol under PACA.

96. Defendant JCI is a responsibly connected person with respect to Capitol under PACA.

97. Defendants A 1, Chow, Benedetto, Bradford, Joan, Leo, Sheila and JCI, and each of them, failed to fulfill their statutory duties to preserve the PACA Trust assets and make payment to Plaintiffs for the Produce.

WHEREFORE, Plaintiffs demand judgment against A 1, Benedetto, Bradford, Joan, Leo, Sheila and JCI, jointly and severally, for all amounts due from Capitol, interest at the greater of the contract or the statutory rate from the due date of each invoice, reasonable attorneys fees, and costs.

COUNT XIV - *Interest and Attorneys Fees*

98. The allegations in paragraphs one through 97 are incorporated as if fully set forth herein.

99. Pursuant to Section 5(c) of the PACA, 7 U.S.C. 499e(c) and the regulations promulgated pursuant thereto, Capitol, A 1, Benedetto, Bradford, Joan, Leo, Sheila and JCI were and are required to maintain sufficient funds in Trust for the benefit of Plaintiffs in order to make full and timely payment to Plaintiffs.

100. As a result of the failure to make full an timely payment of all amounts due to Plaintiffs, Plaintiffs have lost the use of said amounts and have been required to pay attorneys fees, costs and expenses to require Capitol, A 1, Benedetto, Bradford, Joan, Leo, Sheila and JCI to comply with their statutory duties.

101. Plaintiffs will not receive full payment as required by Section 5(c) of PACA if it must expend part of said payment in attorneys fees, costs, and loss of interest arising from the violations of the duty to maintain the Statutory Trust and make full payment to Plaintiffs

promptly.

WHEREFORE, Plaintiffs demand judgment against Capitol, A 1, Benedetto, Bradford, Joan, Leo, Sheila and JCI, jointly and severally, for attorneys fees, costs, and expenses.

COUNT XV
(G.L. c. 93A §§2,11)

102. The allegations in paragraphs one through 101 are incorporated as if fully set forth herein.

103. Plaintiffs were at all times pertinent are engaged in trade or commerce as defined by G.L. c. 93A in the Commonwealth of Massachusetts.

104. Capitol was at all times pertinent engaged in trade or commerce as defined by G.L. c. 93A in the Commonwealth of Massachusetts.

105. Chow was at all times pertinent engaged in trade or commerce as defined by G.L. c. 93A in the Commonwealth of Massachusetts.

106. Benedetto was at all times pertinent engaged in trade or commerce as defined by G.L. c. 93A in the Commonwealth of Massachusetts.

107. Bradford was at all times pertinent engaged in trade or commerce as defined by G.L. c. 93A in the Commonwealth of Massachusetts.

146. Joan was at all times pertinent engaged in trade or commerce as defined by G.L. c. 93A in the Commonwealth of Massachusetts.

108. Leo was at all times pertinent engaged in trade or commerce as defined by G.L. c. 93A in the Commonwealth of Massachusetts.

109. Sheila was at all times pertinent engaged in trade or commerce as defined by G.L. c. 93A

in the Commonwealth of Massachusetts.

110. JCI was at all times pertinent engaged in trade or commerce as defined by G.L. c. 93A in the Commonwealth of Massachusetts.

111. Capitol purchased and obtained goods from Plaintiffs with knowledge or reason to know that it would be unable to make timely payment therefor.

112. Capitol purchased and obtained goods from Plaintiffs intending not to make payment therefor.

113. Capitol purchased and obtained goods from Plaintiffs with knowledge or reason to know that it would be unable to make timely payment therefor.

114. Capitol purchased and obtained goods from Plaintiffs intending not to make payment therefor.

115. Capitol dissipated the PACA Trust Assets, leaving insufficient PACA Trust Assets to make timely payment to the Plaintiffs.

116. Chow, Benedetto, Bradford, Joan, Leo, Sheila and JCI, and each of them, caused or permitted the purchase of goods and the dissipation of the PACA Trust Assets under the circumstances outlined above.

117. The foregoing conduct constitutes unfair and/or deceptive acts and/or practices.

118. The unfair and/or deceptive acts and/or practices were committed wilfully and/or with knowledge or reason to known that the same were violative of G.L. c. 93A §§ 2 and 11.

119. As a result of the unfair and deceptive acts and practices of Defendants, and each of them, the Plaintiffs have suffered and continue to suffer great loss and damage.

WHEREFORE, Plaintiffs demand judgment against Chow, Benedetto, Bradford, Joan, Leo, Sheila and JCI, jointly and severally, as follows:

1) Single damages in the amount of their respective loss and damage;

2) Multiple damages of at least twice and up to three times the single damage award;

3) Interest at the greater of the contract rate or the statutory rate commencing on the due date of each invoice;

4) Reasonable attorney fees and costs;

5) Such other and further relief as this court deems meet and just.

BOSTON TOMATO & PACKAGING, LLC,
FORLIZZI & BIMBER, INC.,
GRANT STANTON PRODUCE CO., INC.,
and
PETER CONDAKES COMPANY, INC.

By Their Attorney,

Gerard M. DeCelles
1536 Westminster St.
Providence, RI 02909
401-272-8998
Bar No. 1394

# Boston Tomato & Packaging, LLC

Wednesday - 01/07/04

## Statement

## Customer Number: 516

Send To:

CAPITOL FOOD DISTRIBUTORS, LLC
2 AMHERST
PROVIDENCE, RI 02909

Remit To:

Boston Tomato & Packaging, LLC
117-118 N.E.P.C.
Chelsea, MA 02150

617-884-5901
Terms: 21 days

Location: 2 AMHERST, PROVIDENCE, RI 02909
Phone No: 401-946-7833,

| Tkt. No. | DATE | INVOICE | AMOUNT | POSTED | INTEREST | BALANCE | TTL. DUE |
|---|---|---|---|---|---|---|---|
| 4532 | 09/30/03 | 77379 | 312.00 | | 0.00 | 139.00 | 139.00 |
| | 11/12/03 | | | 173.00 | | | |
| 4954 | 10/01/03 | 77618 | 640.00 | | 0.00 | 640.00 | 779.00 |
| 0890 | 10/02/03 | 77728 | 287.00 | | 0.00 | 287.00 | 1066.00 |
| 2672 | 10/03/03 | 77880 | 286.00 | | 0.00 | 286.00 | 1352.00 |
| 5332 | 10/06/03 | 78095 | 17.00 | | 0.00 | 17.00 | 1369.00 |
| 4615 | 10/07/03 | 78210 | 406.00 | | 0.00 | 406.00 | 1775.00 |
| 9599 | 10/08/03 | 78317 | 212.00 | | 0.00 | 212.00 | 1987.00 |
| 5855 | 10/10/03 | 78577 | 299.00 | | 0.00 | 299.00 | 2286.00 |
| 5911 | 10/14/03 | 78802 | 506.00 | | 0.00 | 506.00 | 2792.00 |
| 5019 | 10/15/03 | 79014 | 302.00 | | 0.00 | 302.00 | 3094.00 |
| 6297 | 10/17/03 | 79305 | 286.00 | | 0.00 | 286.00 | 3380.00 |
| 6576 | 10/21/03 | 79658 | 75.00 | | 0.00 | 75.00 | 3455.00 |
| 5306 | 10/22/03 | 79812 | 177.00 | | 0.00 | 177.00 | 3632.00 |
| 6895 | 10/24/03 | 80061 | 171.00 | | 0.00 | 171.00 | 3803.00 |
| 7084 | 10/27/03 | 80287 | 186.00 | | 0.00 | 186.00 | 3989.00 |
| 4481 | 10/29/03 | 80511 | 651.00 | | 0.00 | 651.00 | 4640.00 |
| 6513 | 10/31/03 | 80887 | 355.50 | | 0.00 | 355.50 | 4995.50 |
| 7809 | 11/05/03 | 81291 | 518.00 | | 0.00 | 518.00 | 5513.50 |
| 8037 | 11/07/03 | 81519 | 495.00 | | 0.00 | 495.00 | 6008.50 |

Total Amount Due: 6008.50

Thank you for your payment of 1000.00 on 11/12/03

| AGED BALANCE DUE: | WEEK #1 | WEEK #2 | WEEK #3 | WEEK #4 | WEEK #5 | WEEK #6 | WEEK #7 | WEEK #8 | WEEKS 9+ |
|---|---|---|---|---|---|---|---|---|---|
| | 01/01-07 | 12/25-31 | 12/18-24 | 12/11-17 | 12/04-10 | 11/27-03 | 11/20-26 | 11/13-19 | ? - 11/12 |
| | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 6008.50 |

FAX # 617-889-0497

[redacted]

Page 2

# FORLIZZI & BIMBER, INC.

Monday -- 12/22/03

## Statement

## Customer Number: 423

Send To:

CAPITAL FOOD DIST.
2 AMHERST STREET
PROVIDENCE, RI 02909

Remit To:

FORLIZZI & BIMBER, INC.
113-114 NEPC
CHELSEA, MA 02150-1711

617-884-5954
Terms: 28 days

Location: 2 AMHERST STREET, PROVIDENCE, RI 02909
Phone No: 401-946-7232,

| Tkt. No. | DATE | INVOICE | AMOUNT | POSTED | INTEREST | BALANCE | TTL. DUE |
|---|---|---|---|---|---|---|---|
| | 10/29/03 | 238143 AJ 229837 | 587.50 | | 0.00 | 587.50 | 2548.50 |
| | 10/31/03 | 238144 AJ 230473 | 60.00 | | 0.00 | 60.00 | 2608.50 |
| | 11/07/03 | 238145 AJ 231954 | 75.00 | | 0.00 | 75.00 | 2683.50 |

Total Amount Due: 2683.50

Thank you for your payment of 100.00 on 11/12/03

| AGED BALANCE DUE: | WEEK #1 | WEEK #2 | WEEK #3 | WEEK #4 | WEEK #5 | WEEK #6 | WEEK #7 | WEEK #8 | WEEKS 9+ |
|---|---|---|---|---|---|---|---|---|---|
| | 12/16-22 | 12/09-15 | 12/02-08 | 11/25-01 | 11/18-24 | 11/11-17 | 11/04-10 | 10/28-03 | ? - 10/27 |
| | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 75.00 | 247.50 | 2361.00 |

[redacted]

Page 1

# FORLIZZI & BIMBER, INC.

Monday — 12/22/03

Statement

Customer Number: 423

Send To:

CAPITAL FOOD DIST.
2 AMHERST STREET
PROVIDENCE, RI 02909

Remit To:

FORLIZZI & BIMBER, INC.
113-114 NEPC
CHELSEA, MA 02150-1711

617-884-5954
Terms: 25 days

Location: 2 AMHERST STREET, PROVIDENCE, RI 02909
Phone No: 401-946-7832,

| TRX. No. | DATE | INVOICE | AMOUNT | POSTED | INTEREST | BALANCE | TTL. DUE |
|---|---|---|---|---|---|---|---|
| | 08/05/03 | 238124 AJ 211566 | 300.00 | | 0.00 | 300.00 | 300.00 |
| | 08/05/03 | 238125 AJ 211598 | 240.00 | | 0.00 | 240.00 | 540.00 |
| | 08/05/03 | 238126 AJ 211548 | 166.00 | | 0.00 | 166.00 | 706.00 |
| | 08/07/03 | 238127 AJ 212133 | 44.00 | | 0.00 | 44.00 | 750.00 |
| | 08/08/03 | 238128 AJ 212251 | 34.00 | | 0.00 | 34.00 | 784.00 |
| | 08/08/03 | 238129 AJ 212347 | 40.00 | | 0.00 | 40.00 | 824.00 |
| | 08/25/03 | 238130 AJ 215788 | 80.00 | | 0.00 | 80.00 | 904.00 |
| | 08/29/03 | 238131 AJ 215909 | 360.00 | | 0.00 | 360.00 | 1264.00 |
| | 09/02/03 | 238132 AJ 217322 | 186.00 | | 0.00 | 186.00 | 1450.00 |
| | 09/02/03 | 238134 AJ 217326 | 6.00 | | 0.00 | 6.00 | 1456.00 |
| | 09/08/03 | 238135 AJ 218004 | 18.00 | | 0.00 | 18.00 | 1474.00 |
| | 09/10/03 | 238136 AJ 219333 | 27.00 | | 0.00 | 27.00 | 1501.00 |
| | 09/11/03 | 238137 AJ 219657 | 36.00 | | 0.00 | 36.00 | 1537.00 |
| | 09/16/03 | 238138 AJ 220647 | 102.00 | | 0.00 | 102.00 | 1639.00 |
| | 09/17/03 | 238139 AJ 220913 | 90.00 | | 0.00 | 90.00 | 1729.00 |
| | 09/18/03 | 238140 AJ 221172 | 52.00 | | 0.00 | 52.00 | 1781.00 |
| | 09/25/03 | 238141 AJ 222189 | 160.00 | | 0.00 | 160.00 | 1941.00 |
| | 12/10/03 | 238142 AJ 225133 | 20.00 | | 0.00 | 20.00 | 1961.00 |

# GRANT STANTON PRODUCE Co., Inc.

123 New England Produce Center
Chelsea, MA 02150
Tel (617) 884-9991 Fax (617) 889-6690

Page 1

GRANT STANTON PRODUCE CO., INC

Wednesday - 01/07/04

Statement

| PRODUCT | QUANTITY | UNIT | PRODUCT DESCRIPTION | PER UNIT | CHARGE |
|---|---|---|---|---|---|

Send To:

CAPITOL FOOD DISTRIBUTORS, LLC
2 Amherst Street
PROVIDENCE, RI 02909

Remit To:

GRANT STANTON PRODUCE CO., INC
123 NEPC
CHELSEA, MA 02150

617-884-9991
Terms: 10 days

Location: 2 Amherst Street, PROVIDENCE, RI 02909
Phone No: 401 946 7833,

| Tkt. No. | DATE | INVOICE | AMOUNT | POSTED | INTEREST | BALANCE | TTL. DUE |
|---|---|---|---|---|---|---|---|
| | 09/19/03 | 160678 | 396.00 | | 0.00 | 388.00 | 388.00 |
| | 11/12/03 | | | 8.00 | | | |
| | 09/23/03 | 160939 | 191.50 | | 0.00 | 191.50 | 579.50 |
| | 09/25/03 | 161122 | 122.50 | | 0.00 | 122.50 | 702.00 |
| | 09/26/03 | 161247 | 62.50 | | 0.00 | 62.50 | 764.50 |
| | 09/30/03 | 161529 | 270.00 | | 0.00 | 270.00 | 1034.50 |
| | 10/02/03 | 161731 | 32.50 | | 0.00 | 32.50 | 1067.00 |
| | 10/08/03 | 162208 | 118.00 | | 0.00 | 118.00 | 1185.00 |
| | 10/10/03 | 162453 | 100.00 | | 0.00 | 100.00 | 1285.00 |
| | 10/29/03 | 163898 | 81.50 | | 0.00 | 81.50 | 1366.50 |
| | 10/31/03 | 164107 | 196.00 | | 0.00 | 196.00 | 1562.50 |
| | 11/05/03 | 164450 | 136.00 | | 0.00 | 136.00 | 1698.50 |

Total Amount Due: 1698.50

Thank you for your payment of 600.00 on 11/12/03

| AGED BALANCE DUE: | WEEK #1 | WEEK #2 | WEEK #3 | WEEK #4 | WEEK #5 | WEEK #6 | WEEK #7 | WEEK #8 | WEEKS 9+ |
|---|---|---|---|---|---|---|---|---|---|
| | 01/01-07 | 12/25-31 | 12/18-24 | 12/11-17 | 12/04-10 | 11/27-03 | 11/20-26 | 11/13-19 | ? - 11/12 |
| | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1698.50 |

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5 (c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

Interest at 13% added to unpaid balance. Interest and attorneys fees necessary to collect any balance due hereunder shall be considered sums owing in connection with this transaction under the PACA Trust.

**TOTAL**

**No changes to be made to this invoice without our authorization. Please call our office if you believe there is** [redacted]

**Aged Accounts Receivable**
Peter Condakes Co., Inc.

January 9, 2004 10:18 AM
Page 1
MARIAF

(Detail, aged as of January 9, 2004)
Aged by transaction date.
Customer: No.: 1318, Date Filter: 01/09/04

| No. / Trx Date | Name / Description | .......Document....... Typ | Number | Balance Due | ....... Aged Customer Balances ....... Current | 31 - 60 Days | 61 - 90 Days | Over 90 Days | Doc. Curr. |
|---|---|---|---|---|---|---|---|---|---|
| 1318 | Capitol Food Distributors, L.L | Phone | 401-421-1684 | | Contact | | | | |
| | *** This customer is blocked *** | | | | | | | | |
| 10/24/03 | Invoice 52991 | Inv | 144120 | 148.00 | 0.00 | 0.00 | 148.00 | 0.00 | |
| 11/14/03 | Invoice 55506 | Inv | 146634 | 2,127.00 | 0.00 | 2,127.00 | 0.00 | 0.00 | |
| 1318 | Total Amount Due | | | 2,275.00 | 0.00 | 2,127.00 | 148.00 | 0.00 | |
| | | | | | 0.00% | 93.49% | 6.51% | 0.00% | |
| | Report Total Amount Due(LCY) | | | 2,275.00 | 0.00 | 2,127.00 | 148.00 | 0.00 | |
| | | | | | 0.00% | 93.49% | 6.51% | 0.00% | |

[redacted]