UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BOSTON TOMATO & PACKING, LLC, et al

Plaintiffs

vs. C.A.# 04-395T

CAPITOL FOOD DISTRIBUTORS, LLC, et al

Defendants

RECEIVED
JAN 09 2006
Property of U.S. District Court
District of Rhode Island

AFFIDAVIT OF ANDREW M. OSBORNE

I, Andrew M. Osborne, being first duly sworn depose and state, that I am the attorney of record for the within named Plaintiff and make the statements set forth herein upon personal knowledge.

I have been a member of the bar for more than twenty-seven years and have substantial experience with issues such as those which are involved in this action. I regularly practice in the Massachusetts State and Federal courts. A majority of the cases which I litigate involve a variety of commercial disputes and collection actions for vendors of different commodities and services.

My office is located in Norfolk County, within a mile of the City of Boston. While most clients have a residence or place of business in eastern Massachusetts, many are located out of state.

I have represented clients in the business of distributing perishable agricultural commodities at wholesale since my admission to the bar. Since that time, I have received numerous claims for the collection of amounts due for the sale of produce, including dozens arising under the Perishable Agricultural Commodities Act. I have appeared as counsel for many of the businesses in and around the New England Produce Center in Chelsea, Massachusetts,

including the Plaintiffs, in actions in the United States District Courts for the Districts of Massachusetts, Maine and New Hampshire. Forlizzi & Bimber, Inc., Grant Stanton Produce Company, Inc. and Peter Condakes Company, Inc. have been clients for may years, Boston Tomato & Packaging, LLC. for a lesser period.

The claims of the Plaintiffs in the action were sent to me in late 2003 and early 2004. As is customary, an investigation of the account debtor was begun. This investigation included, but was not limited to, the collection and review of publically available records pertaining to Capitol Foods and the responsibly connected person appearing on the licences issued to Capitol Foods by the Untied States Department of Agriculture and inquiry of person having knowledge of the business affairs of Capitol Foods.

It became apparent that Capitol Foods had ceased operations. A determination was made that Rhode island was the most appropriate jurisdiction in which to prosecute the claims. Attorney Thomas Gavlick was retained to assist in the collection of the amounts due prior to the commencement of any proceedings. This effort was pursued for almost six months, until it became apparent that the effort would be fruitless.

Attorney Gerard DeCelles agreed to represent the Plaintiffs as Rhode Island counsel in an action to be brought in the United States District Court. In light of my substantially greater experience with actions brought pursuant to the Perishable Agricultural Commodities Act, I agreed to assist Attorney DeCelles in preparing pleadings and other documents and to undertake such legal research as might be required. I also provided most, but not all of the information required to effect service upon the named defendants.

This action was commenced on September 9, 2004. Since that time I have sought to maintain regular contact with Attorney DeCelles. However, it was often only by means of the electronic docket that I learned of events in this case. Following the issuance of the notice to show cause in October 2005 and my inability to reach Attorney DeCelles, he was discharged.

It is my practice to make and keep a computerized record of time and expenses. Individual

entries are recorded contemporaneously with the rendering of the service or making the expenditure. The actual hourly rates charged for my services and those of my associates, for the period during which services were rendered are as follows:

| | |
|---|---|
| $275.00-325.00 | per hour for Andrew M. Osborne & Partners |
| $195.00-225.00 | per hour for David J. Fonte |
| $ 65.00- 75.00 | per hour for paralegals. |

These rates are generally lower than those charged by counsel with offices in the City of Boston and are generally consistent with the rates of counsel in northern Norfolk County with like experience and tenure. Effective July 1, 2005, the hourly rates increased by $25.00.

Litigation and administrative proceedings under the Perishable Agricultural Commodities Act is a specialized area of practice with respect to which there are few counsel who have substantial expertise. I believe that I am among those counsel with the most experience in this area in eastern New England. In order to maintain a working knowledge of the state of the law in this area, it is necessary to keep abreast of decisions from throughout the Untied States. Thus, the hourly rate chargeable is matter such as these is at the top end of the scale as it exists from time to time. The fee agreement between counsel and the Plaintiffs in this action, as is the case with other claims of a similar nature, calls for payment on a contingent basis. This claim in this instance is unusually small and must be considered in light of the fact that other substantially larger claims are handled on a similar basis. It was understood that the time and effort required of counsel in this case was likely to greatly disproportionate to the recovery and contingency, without the addition of an award of exemplary damages and attorneys fees by the Court. Nevertheless, the this case was accepted given the longstanding attorney client relationship.

The services described herein and the costs and expenses set forth were actually rendered and advanced upon behalf of the Plaintiffs and were necessary and reasonable in the prosecution of Plaintiff's claims. The services rendered with regard to the above captioned matter have a fair value of $8,708.75 and costs of $148.25, exclusive of filing and sheriffs fees, as set forth on the

itemized breakdown attached hereto as Exhibit "B". The total is $8,857.00

Signed under the penalties of perjury this 22nd day of December 2005.

Andrew M. Osborne BBO#380455
OSBORNE & VISCONTI
20 Eastbrook Rd., Suite 304
Dedham, MA 02026
(781) 326-9766

COMMONWEALTH OF MASSACHUSETTS

Norfolk, SS.

On this 22nd day of December, 2005, before me, the undersigned notary public, personally appeared Andrew M. Osborne, proved to me through satisfactory evidence of identification, which was a current Massachusetts Driver's License, to be the person whose name is signed on the preceeding attached document, and acknowledged to me that he/she signed it voluntarily for the stated purpose.

JAYNEE M. SMITH
Notary Public
Commonwealth of Massachusetts
My Commission Expires
July 4, 2008

Name/
Notary Public

# EXHIBIT A

| | Hrs/Rate | Amount |
|---|---|---|
| 12/22/2003 Open file. Prepare and send acknowledgment and demand letters | 0.30 | 90.00 |
| 1/5/2004 Investigation; memo to R.Holden @ Forlizzi | 0.75 | 225.00 |
| 1/6/2004 Telephone conference with R.Holden re: account information | 0.30 | 90.00 |
| 1/7/2004 Telephone conferences with J.Estabrook, S.Grant, B.DeFranchesco, A.Sharrino, S.Rocco re: claims | 0.50 | 150.00 |
| 1/14/2004 Investigation, acknowledge claims of Peter Condakes, Grant Stanton and Boston, Tomato; Demand letters to Hourihan and Cerilli | 1.50 | 450.00 |
| 1/16/2004 Memo to clients; begin Preparation of complaint | 1.00 | 300.00 |
| 1/20/2004 Telephone conferences with S.Hourihan and T.Orson, counsel for Hourihan; Memo to Orson with initial questions. | 0.60 | 180.00 |
| 1/28/2004 Telephone conference with R. Holden & M. Francis re: information about debtor | 0.30 | 90.0 |
| 1/30/2004 Memo to T.Orson | 0.20 | 60.00 |
| 2/3/2004 Review letter from Leo Houriahn; Letter to City of Providence | 0.25 | 75.00 |
| 2/12/2004 Telephone conference with and Letter to T.Gavlick-local counsel | 0.25 | 75.00 |
| 2/20/2004 Telephone conference with Tom Gavlick re: strategy | 0.40 | 120.00 |
| 4/28/2004 Review memo from T.Gavlick with settlement offer; Memo to clients presenting settlement offer | 0.30 | 90.00 |
| 4/29/2004 Telephone conferences with J.Estabrook, S.Grant and B.DeFrancesco; Memo to Alphas | 0.50 | 150.00 |
| 5/3/2004 Telephone conference with Y.Alphas; Telephone conference with T.Gavlick re: acceptance of settlement and proposed counteroffer | 0.30 | 90.00 |

| | | |
|---|---|---|
| 5/25/2004 Telephone conference with T.Gavlick re: absence of response to settlement demand | 0.10 | 30.00 |
| 7/22/2004 Revise draft complaint in light of Alphas decision not to proceed; memo to T.Gavlick | 0.50 | 150.00 |
| 8/3/2004 Telephone conference with G.DeCelles seeking assistance as local counsel. | 0.25 | 75.00 |
| 8/11/2004 Begin Preparation of detailed letter to G.DeCelles with claim background | 0.60 | 180.00 |
| 8/12/2004 Preparation of cover sheet and completion of Letter to Decelles | 0.25 | 75.00 |
| 10/25/2004 Telephone conference with G.Decelles re: status; memo to file | 0.25 | 75.00 |
| 11/9/2004 Review Pacer; Letter to DeCelles regarding role of Joan and Brad Cerilli | 0.30 | 90.00 |
| 2/22/2004 Call to Decelles; Check docket; Letter to Decelles | 0.40 | 120.00 |
| 1/18/2005 check docket via Pacer; Letter to DeCelles | 0.25 | 75.00 |
| 3/8/2005 Telephone conference with G.DeCelles; check docket | 0.25 | 75.00 |
| 3/16/2005 Review returns of service as to some defendants; Letter to Decelles | 0.30 | 90.00 |
| 4/13/2005 Review docket and call Decelles | 0.20 | 60.00 |
| 7/15/2005 Review letter from DeCelles re: status and respond | 0.25 | 81.25 |
| 7/25/2005 Review letter from DeCelles re: defaults and motion for relief from default as to Chow | 0.10 | 32.50 |
| 7/26/2005 Draft Affidavits for four clients and forward same for review | 0.75 | 243.75 |

7/27/2005 Review G.Decelles 7/25/05 Letter to and reply; Telephone conference with S.Grant re: affidavit; Revise and resend same; Review memo from M.Francis; revise affidavit and resend.
0.40 130.00

7/28/2005 Telephone conference with Forlizzi; revise and resend affidavit
0.30 97.50

8/2/2005 Telephone conference with R.Nano re: affidavit
0.10 32.50

8/11/2005 Telephone conference with R.Nano
0.10 32.50

8/12/2005 Telephone conference with M.Francis re: affidavit; revise and forward same fro review
0.30 97.50

8/16/2005 Telephone conference with R.Nano re: affidavit
0.25 81.25

9/22/2005 Work on Assessment Memo
3.50 1,137.50

0/19/2005 call to Decelles
0.10 32.50

10/20/2005 Check docket, call to Decelles
0.25 81.25

10/24/2005 call to Decelles
0.10 32.50

10/26/2005 call to Decelles
0.10 32.50

10/27/2005 Call to Decelles; Call to P.Weinstein; Letter to Decelles; Preparation of Motion to Extend Time to Respond to Show Cause Order, appearance, motion for admission pro haec vice; Letter to P. Weinstein
0.60 195.00

11/3/2005 Preparation of revised motion for appearance pro haev vice
0.30 97.50

12/5/2005 Research; Preparation of assessment motion and supporting memo; email to P.Weinstein
2.00 650.00

| | | |
|---|---|---|
| 12/6/2005 Begin revisions to Memo in light of limitations in local rules; exchanges emails with P.Weinstein re: attorneys fees and settlement demand | 2.00 | 650.00 |
| 12/7/2005 Complete calculations and Memorandum of Damages | 0.70 | 227.50 |
| 12/8/2005 Preparation of Fee Affidavit-AMO | 1.25 | 406.25 |
| 12/9/2005 Review Local Rule and RI Rule 1.5 as to fees and Affidavits; Work affidavits of AMO and D.Baluch | 0.60 | 195.00 |
| 2/10/2006 Attend hearing-estimated | 2.50 | 812.50 |
| Total | 27.65 | $8,708.75 |

Additional Charges :

| | Amount |
|---|---|
| 2/13/2004 Federal Express documents to Tom Gavlick | 16.01 |
| 2/17/2004 Pacer charges | 0.07 |
| 8/13/2004 Postage/Messenger to Decelles | 19.80 |
| 10/27/2005 Miscellaneous costs to Philip Weinstein | 50.00 |
| 0/28/2005 Federal Express to Gerard DeCelles | 15.42 |
| Federal Express to Philip Weinstein | 15.42 |
| 2/10/2006 Mileage | 31.53 |
| Total additional charges | $148.25 |
| Total amount of this bill | $8,857.00 |