**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

CIVIL ACTION NO. 04-cv-395

BOSTON TOMATO & PACKAGING, LLC,
ET AL,

Plaintiffs

V.

CAPITOL FOOD DISTRIBUTORS, LLC.,
ET AL,

Defendants

RECEIVED
JAN 09 2006
Property of U.S. District Court
District of Rhode Island

AFFIDAVIT OF STEVEN FORLIZZI

1. Steven Forlizzi, being first duly sworn, deposes and says that the statements contained herein are made upon personal knowledge, except where based upon information and belief, business records and/or public records, all of which I believe to be true.

2. I am the President of Forlizzi & Bimber, Inc. ("Forlizzi & Bimber"). Forlizzi & Bimber is a Massachusetts corporation located in the New England Produce Center, Chelsea, Massachusetts. It is engaged in the purchase and sale of perishable agricultural commodities in interstate commerce ("Produce"). Forlizzi & Bimber is now and has at all times been licensed by the Secretary of Agriculture under the perishable Agricultural Commodities Act ("PACA"). I have general charge of the businesses, which includes the buying and selling of produce, monitoring of lines of credit and the status of cash and credit accounts, along with obtaining payment of balances due to my employer. All the employees of Forlizzi & Bimber are ultimately responsible to reporting to me.

3. I have examined the Complaint and the account annexed to the Complaint as Exhibit B and carefully compared it with the original entries in the books of the respective Forlizzi &

Bimber. The account is truly and correctly made out from those books and the Produce was actually sold and delivered to the Capitol Food Distributors, LLC. ("Capitol") in Massachusetts. The charges set out in the account are true and correct to the best of my knowledge and belief. The allegations in the Complaint insofar as they relate to the business of Forlizzi & Bimber are true and correct except where set forth upon information and belief, which I believe to be true.

4. The claim and demand of the Forlizzi & Bimber against the Defendants are just, due and payable. There is no just off-set, payment or credit in law or equity known to me. There is now due to the Plaintiff Forlizzi Brothers, Inc. the sum of $2,683.50 plus interest at the rate of 12 percent per annum from 28 days after the date of each invoice, reasonable attorneys fees, and costs. Our normal terms of sale are net twenty-eight days as set forth on the invoices and include the obligation of the customer to pay all collection costs, including attorneys fees. Capitol agreed to these terms and paid invoices subject to these terms. Also set forth on the invoices is the notice of intent to preserve rights under the PACA statutory trust. Copies of the pertinent invoices are attached hereto as Exhibit 1.

5. We started doing business with Capitol in April 2003. For some months their payments were prompt and consistent. At some point in time there appeared to be a change in ownership or management, the details of which were not shared with us. Around September 2003, Capitol stopped paying us. We called repeatedly for payment and were told each time that a check would be mailed. None was received. Eventually, there was no answer to telephone calls.

Steven J Forlizzi
Steven Forlizzi

COMMONWEALTH OF MASSACHUSETTS

Suffolk, SS.

On this 28 day of JULY, 2005, before me, the undersigned notary public, personally appeared Steven Forlizzi, proved to me through satisfactory evidence of identification, which was a Massachusetts Drivers' License, to be the person whose name is signed on the preceeding attached document, and acknowledged to me that he signed it voluntarily for the stated purpose and that the same is true and correct.

Harold D Bloom
Name:
Notary Public

My Commission expires 4/17/09